## Commonwealth v. McCardell. No. 2

*Burton R. Lamb*, district attorney, for Commonwealth.

*J. S. Jiuliante*, for defendant.

EVANS, J., January 22, 1945.—This matter is before the court on a petition for the return of equipment consisting of slot machine mechanisms and parts seized by the city police at the time petitioner was arrested on the charge of manufacturing or assembling slot machines contrary to the provisions of The Penal Code of June 24, 1939, P. L. 872.

At the time of trial, defendant was discharged upon showing that the machines were in his possession for the purpose of repair, and no evidence was submitted to show that they were used for gambling purposes.

We have no doubt that these machines are gambling devices and we would order their forfeiture and destruction were there evidence before us to show illegal use thereof. Under similar circumstances Judge Ros-

siter, at no. 83, September term, 1930, and Judge Hirt, at no. 151, September term, 1936 and no. 216, November term, 1936, ordered similar equipment returned to petitioners and we find no appellate authority for any other conclusion. The law in Pennsylvania prohibits the manufacture and sale of such machines as well as the use thereof for gambling purposes, but possession or sale thereof is not a crime. Therefore, it appears that to justify a court order for the retention and destruction of such machines there must be some evidence to sustain the conclusion that they were used for the purpose of unlawful gaming: Petition of Superintendent of Police of the City of Philadelphia, 113 Pa. Superior Ct. 520. Without such proof before us we feel constrained to order the equipment returned.

And now, to wit, January 22, 1945, the rule to show cause, granted December 18, 1944, on the petition for return of equipment, is made absolute and the sheriff is directed to return to petitioner the equipment itemized in said petition.